IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PURVI PETROLEUM III, LLC, | ) | CASE NO. 304-14423 |
| | ) | CHAPTER 11 |
| Debtor. | ) | |
| | ) | JUDGE MARIAN F. HARRISON |
| | ) | |

_____

## MEMORANDUM
_____

This matter came before the Court upon the Chapter 11 Trustee's objection to Mazahir Hamadani's (hereinafter "Mr. Hamadani") designation of record on appeal. For the following reasons, the Court finds that the Chapter 11 Trustee's objection should be sustained.

### I. BACKGROUND

On November 22, 2011, this Court held a hearing on Mr. Hamadani's objection to the Chapter 11 Trustee's motion for final decree closing the case. On November 29, 2011, the Court entered an order and memorandum granting the Chapter 11 Trustee's motion for final decree. Mr. Hamadani filed a notice of appeal to district court on December 12, 2011, and

on December 27, 2011, he filed a designation of record on appeal. The Chapter 11 Trustee objected to the inclusion of five items in the designation, none of which were introduced into evidence at the hearing on Mr. Hamadani's objection to entering a final decree.

The first three items [(#47) Pretrial Statement of Mazahir Hamadani to Trustee's Complaint for an Accounting, Turnover, Avoidance and Recovery of Transfer; (#48) Stipulation of Dismissal of Adversary Proceeding as to Defendant, Mazahir Hamadani; and (#49) all documents referenced in these two items] were filed in ***Limor v. Hamadani (In re Kumar),*** Adv. No. 305-0401A, a case that was assigned to another bankruptcy judge in this district and involved a different debtor. The last two [(#50) Answer of Defendant Kwik-Sak Real Estate Holdings LLC to Plaintiff's Third Amended Complaint; and (#51) Answer of Defendant Bharat Patel to Plaintiff's Third Amended Complaint] were filed in a pending lawsuit in Rutherford County Circuit Court.

## II. DISCUSSION

The parties do not dispute that this Court has jurisdiction to determine disputes regarding items designated for the record on appeal. While the Sixth Circuit Court of Appeals has not ruled on this issue, the Court has found and agrees with authority supporting the conclusion that bankruptcy courts have jurisdiction to strike items from a record on

appeal. *See Amedisys, Inc. v. JP Morgan Chase Manhattan Bank as Trustee (In re Nat'l Century Fin. Enters., Inc.),* 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005).

Having determined jurisdiction, the Court turns to the issue of whether these items should be included in the record on appeal.

A review of the case law indicates that only items considered by the bankruptcy court in reaching a decision should be included in the record on appeal. *See, e.g., **NWL Holdings, Inc. v. Eden Ctr., Inc. ( In re Ames Dep't Stores, Inc.)***, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) (citation omitted) ("'if an item was not considered by the court, it should be stricken from the record on appeal'"); **Zer-Ilan v. Frankford (In re CPDC, Inc.),** 337 F.3d 436, 443 (5th Cir. 2003) (citation omitted) (court erred in allowing appellants "to supplement the record with documents and testimony that were not offered and admitted before the bankruptcy court"); **Campbell v. Potash Corp. of Saskatchewan, Inc.,** 238 F.3d 792, 797 (6th Cir. 2001) (citation omitted) (appellate record "is limited to the evidence before the district court when it ruled").

As with most rules, however, there are exceptions. Mr. Hamadani asserts that these pleadings fall within that exception, citing to **Food Distrib. Ctr. v. Food Fair, Inc. (In re Food Fair, Inc.),** 15 B.R. 569 (Bankr. S.D.N.Y. 1981), and **Saco Local Dev. Corp. v.**

*Armstrong Bus. Credit Corp. (In re Saco Local Dev. Corp.),* 13 B.R. 226 (Bankr. D. Me. 1981), for the proposition that appellate records can be supplemented with pleadings on file at the time the court reached its decision, as well as, outside pleadings that are closely related to the matter on appeal. The circumstances in these cases are readily distinguished from the case at hand. In *Food Fair,* the materials objected to were pleadings in adversary proceedings within the same bankruptcy case. 15 B.R. at 572. In *Saco*, the debtor also sought to designate materials from two other adversary proceedings within the same bankruptcy case. The court included these pleadings in the appellate record because the adversary proceedings were so closely related and there had been at least one joint hearing. 13 B.R. at 230.

In this case, it is undisputed that these items were not presented to the Court and that the Court did not consider them in making its decision. Moreover, these items were available well before the hearing on November 22, 2011, and Mr. Hamadani provides no explanation as to this omission. Thus, under the general rule, these items should not be included in the appellate record. Moreover, the facts of this case do not warrant application of any exception.

Items 47-49 were filed with the bankruptcy court clerk, however, they were filed in an adversary proceeding within a different bankruptcy case with a different debtor and a different bankruptcy judge. Unlike the facts presented in the cases cited, this Judge never

reviewed or considered any issues in the unrelated adversary. Moreover, items 50-51 are from a pending state court action. While Mr. Hamadani claims that the state court proceedings are closely related to the matter on appeal, the case law only supports a finding of such closeness when the proceedings occurred within the same case. To extend this holding to state court litigation would be inappropriate, especially where there is no reason why the pleadings were not presented at the hearing on the merits if they were relevant.

### III. CONCLUSION

Accordingly, the Court finds that the Chapter 11 Trustee's objection should be sustained, and Items 47-51 should be stricken from Mr. Hamadani's designation of contents for inclusion in the record on appeal. Counsel for the Chapter 11 Trustee shall prepare and submit an appropriate order.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.